UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-CV-00141-FDW

| | |
|---|---|
| TAHEERAH S. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on Plaintiff Taheerah S. Smith's Motion for Summary Judgment (Doc. No. 7), filed on August 15, 2016, and Defendant Commissioner of Social Security Carolyn W. Colvin's Motion for Summary Judgment (Doc. No. 8), filed on October 12, 2016. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion is GRANTED and Defendant's Motion is DENIED. The Court REVERSES the Administrative Law Judge's ("ALJ's") decision and REMANDS the case to the Commissioner for further proceedings.

## I. BACKGROUND

On April 24, 2012, Plaintiff filed an application for SSI benefits[1] alleging disability due to depression, bipolar disorder, intermittent explosive disorder, post-traumatic stress disorder,

---
[1] Unlike Social Security Disability benefits, SSI does not require an earnings history and is available for only those whose financial situation is desperate; the definition of disability is the same for both. 20 C.F.R. § 416.202.

schizoaffective disorder, and an intellectual disability. (Tr. 91, 176-81). After her application was denied initially and upon reconsideration (Tr. 107-10, 118-22), Plaintiff requested a hearing (Tr. 123-25). The hearing commenced on July 31, 2014, and on October 24, 2014, the ALJ issued a decision denying Plaintiff's application. (Tr. 37-68).

The ALJ determined that Plaintiff was not disabled. (Tr. 19-36). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she had severe impairments of major depressive disorder, anxiety disorder, cocaine dependence remission, and history of cannabis abuse and asthma (Tr. 21); however, those impairments did not meet or medically equal a per se disabled Medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 24-6). The ALJ then found that Plaintiff had the Residual Functional Capacity (RFC) to perform light work, provided that she avoid concentrated exposure to dust, fumes, and gases, and was limited to simple, routine, and repetitive tasks, occasional decision making and occasional changes in the work setting, and occasional interaction with the general public. (Tr. 26-30).

Based on this RFC, the ALJ found that Plaintiff could work as a folder, a packer, and an assembler. (Tr. 30-1). Nevertheless, in response to a hypothetical that factored in the above limitations, a vocational expert identified various jobs Plaintiff could perform that were available in significant numbers in the economy. (Tr. 31). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 28-9).

Plaintiff requested review of the ALJ's decision by the Appeals Council on November 28, 2014. (Tr. 16-8). The Appeals Council denied the request for review on January 21, 2016. (Tr. 1-6). Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. § 405(g). Plaintiff claims that the ALJ's decision is not based on proper legal standards and is not supported by substantial evidence as 42 U.S.C. § 405(g) requires.

## II. STANDARD OF REVIEW

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). If this Court finds that the Commissioner applied the correct legal standards and that his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned. The issue before this Court, therefore, is not whether Plaintiff is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.

## III. ANALYSIS

On appeal to this Court, Plaintiff makes the following assignments of error: 1) the ALJ failed to consider Plaintiff per se disabled under Medical Listing 12.05; (2) the ALJ failed to properly weigh the opinions from examining psychologist Dr. Popper; (3) the ALJ failed to take

testimony from a vocational expert that responds to all the mental limitations found for Plaintiff in his decision; and (4) the ALJ failed to adequately evaluate Plaintiff's credibility. For the reasons stated below, substantial evidence supports the ALJ's determination as to Plaintiff's second, third and fourth assignments of error; however, the ALJ did err when he failed to consider or explain whether Plaintiff met or equaled Medical Listing 12.05.

**A. Consideration of Medical Listing 12.05**

At the third step in the disability evaluation, the Commissioner must consider if Plaintiff has an impairment that matches or is "medically equivalent to" one of a series of specified impairments listed in 20 C.F.R. § 404, Subpart P, Appendix 1. If the ALJ finds a medically equal match, then the impairment is sufficiently severe to preclude Plaintiff from engaging in gainful activity and Plaintiff is therefore "disabled." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (citing Bowen v. City of New York, 476 U.S. 467, 471 (1986)). In the present case, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled a per se disabling Medical Listing. More specifically, the ALJ considered Plaintiff's mental impairments under Listings 12.04, 12.06, and 12.09 but he did not state whether Listing 12.05 was considered or explain why it was not met or equaled.

An ALJ's failure to explain his reasoning precludes a court from undertaking a 'meaningful review' of his findings. See Radford, 734 F.3d at 295. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. Id. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then "the proper course is to remand to the agency for additional investigation or explanation." Id. at 295 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

The ALJ considered whether Plaintiff met or equaled Medical Listings 12.04, 12.06, and 12.09 but failed to discuss Listing 12.05. (Tr. 24-6). Indeed, an explanation is necessary in this instance because the record contains a fair amount of evidence suggesting Plaintiff may meet or equal Listing 12.05. The clear lack of analysis makes it impossible for this Court to evaluate whether substantial evidence supports the ALJ's findings. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986).

Defendant argues that the ALJ's lack of explanation amounts to harmless error, however the Radford Court was clear in its holding. 734 F.3d at 295-6. An ALJ errs when he fails to provide an explanation for his conclusion that a listing is not met or equaled, and in this instance, remand is appropriate because it is impossible for a court to conduct a meaningful review of a conclusory legal analysis. Id. at 295. Accordingly, the Court GRANTS Plaintiff's Summary Judgment Motion, REVERSES the ALJ's decision, and REMANDS to the agency for additional investigation or explanation regarding whether Plaintiff meets or equals Medical Listing 12.05.

**B. The ALJ's Evaluation of Medical Opinions**

An ALJ's determination of the weight to be assigned to each medical opinion is generally not disturbed because "opinions as to disability are reserved for the ALJ and for the ALJ alone." Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015). Unless the ALJ's assignment of weight is unsupported by substantial evidence, the Court must defer to the ALJ's determination. Hancock v. Astrue, 667 F.3d 470, 474 (4th Cir. 2012).

"When evaluating medical opinions, the ALJ should consider (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Dunn, 607 F. App'x at 267-8 (citing Johnson v.

Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)); see also 20 C.F.R. § 404.1527(c). Citing to state medical opinions in support of an ALJ's conclusion, in itself, is not enough to constitute "substantial evidence." Radford, 734 F.3d at 295. Thus, the ALJ must "indicate *why* the opinions merit that weight." Id. (emphasis in original). The ALJ must explain why each medical opinion merits more or less weight and not simply adopt the opinions without pointing to support in the record. Id.

Plaintiff argues that the ALJ failed to properly weigh the opinions of Dr. Popper, whose medical assessment imposed some restrictions on Plaintiff's limitations. Specifically, Dr. Popper opined Plaintiff had significant limitations in many areas of mental functioning (Tr. 727-29), but might be able to work with "supportive placement" (Tr. 721). He concluded Plaintiff is "moderately limited" in the ability to work in coordination with or proximity to others without being distracted; make simple work related decisions; complete a normal work week without interruptions; respond appropriately to changes in work setting; and set realistic goals. (Tr. 727-29). Plaintiff asserts that the ALJ did not appropriately credit Dr. Popper's opinion because the only specific reasons the ALJ gave for according Dr. Popper's opinion "little weight" was that the assessment was "internally contradictory and contradictory to the evidence obtained during the evaluation." (Doc. No. 7; Tr. 29). However, this argument is without merit because the ALJ explained his credibility determination and did so with support from the record. (Tr. 24).

The ALJ cited several inconsistencies in Dr. Popper's assessment to support his credibility determination and discussed Dr. Popper's brief medical source statement and questionnaire at length. Dr. Popper reported that Plaintiff "was able to understand and readily comply with instructions," yet still concluded she is "not competitively employable" (Tr. 29, 722-3); that Plaintiff's depression and anxiety would only cause "mild to moderate limitations" but "projected

6

she would miss work more than three times a week" (Tr. 29); and that Plaintiff's attention span was adequate during his evaluation, but commented that her ability to sustain attention and concentration was in the "extremely low range." (Tr. 29, 718). The ALJ also explained that Dr. Popper cited the Full Scale IQ of 50 test to support his assessment, but later "expressed concerns about the validity of the claimant's IQ score." (Tr. 29, 717, 721). Finally, the ALJ noted that Dr. Popper's opinions were based on a one-time psychological examination. (Tr. 716-21).

Therefore, given that these treatment notes are out of sync with Dr. Popper's opined functional limitations, and that he only had brief contact with Plaintiff (Tr. 29), the ALJ was within his discretion to afford Dr. Popper's assessment "little weight," and the ALJ provided a sufficient credibility evaluation of such. Accordingly, the ALJ did not err.

## C. Vocational Expert

At step four of the disability determination, the ALJ assesses the claimant's RFC, or what a claimant can still do, factoring in "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware." 20 C.F.R. § 416.945(a)(2). At step five, the ALJ may rely on the expertise of a vocational expert to determine whether a claimant can perform work that exists in significant numbers in the national economy, given that claimant's work-related limitations. 20 C.F.R. §§ 404.1520(g), 404.1566(e). The vocational expert's opinion "must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989) (citation omitted).

Here, at step four, the ALJ found that Plaintiff had the RFC to perform light work, provided that she avoid concentrated exposure to dust, fumes, and gases, and was limited to simple, routine, and repetitive tasks, occasional decision making and occasional changes in the work setting, and occasional interaction with the general public. (Tr. 26-30). In her brief to this Court, Plaintiff

7

argues that the ALJ failed to present a hypothetical question to the vocational expert that accurately described all of the mental limitations recognized for Plaintiff in the decision. (Doc. No. 7, p. 8). Specifically, he argues the ALJ found Plaintiff has moderate difficulties in social functioning and moderate difficulties in concentration, persistence, and pace but that the ALJ's accepted hypothetical failed to include these limitations in direct violation of the Fourth Circuit's holding in Mascio v. Colvin. 780 F.3d 632 (4th Cir. 2015); (Doc. No. 7, p. 8). However, the ALJ's decision demonstrates that he considered and weighed the evidence, properly assessed Plaintiff's RFC, and posed a hypothetical question that incorporated all relevant work-related limitations that were supported by substantial evidence.

In Mascio, the Fourth Circuit held that a hypothetical tendered to a vocational expert was legally insufficient where the ALJ failed to explain why the plaintiff's moderate mental limitation in concentration, persistence, and pace did not translate into the residual functional capacity analysis. 780 F.3d at 638. The Court reasoned that an ALJ cannot sufficiently account for a claimant's limitation in concentration, persistence, and pace by simply limiting the hypothetical to simple or unskilled work. Mascio, 780 F.3d at 638 (citing Winschel, 631 F.3d at 1180). On the other hand, where an ALJ finds that the concentration, persistence, and pace limitation does not affect the claimant's ability to work, then exclusion of the limitation from the hypothetical tendered is appropriate. Mascio, 780 F.3d at 638; see also Winschel, 631 F.3d at 1180 ("But when medical evidence demonstrates that a claimant can engage in simple, routine, tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations."). The Mascio Court remanded because the ALJ provided no explanation *at all* regarding whether the claimant's limitation affected her residual functional capacity. Mascio, 780 F.3d at 638.

8

Unlike Mascio, the ALJ in the instant case specifically accounted for Plaintiff's limitation in the posed hypothetical and adequately explained how the medical evidence demonstrated Plaintiff could engage in simple, routine tasks or unskilled work despite her limitations. While the ALJ found moderate limitations in concentration, persistence, and pace, he also observed that Plaintiff reported she spent a majority of her day watching television, trying to manage her home, and engaging in a diverse variety of daily tasks, including caring for her children—which contrasted with her alleged complete inability to concentrate and focus. (Tr. 25). The ALJ considered Dr. Popper's notes that Plaintiff "demonstrated no difficulties sustaining concentration and attention," that she did not appear to have difficulty understanding or following directions, and that she is able to care for her personal needs independently. (Tr. 25). While some record evidence that Plaintiff "*at times* struggles with concentration" exists, the ALJ concluded that "she is able to engage in numerous daily tasks which illustrates she can concentrate and persist." (Tr. 25) (emphasis added).

Accordingly, the ALJ did not err because substantial evidence supports the limitations that the ALJ both included and declined to include in his hypothetical question and RFC determination.

## D. Assessment of Plaintiff's Credibility

The regulations lay out a two-step process for considering a claimant's statements and symptoms regarding the limitations caused by her impairments. See C.F.R. §§ 404.1529, 416.929; Craig, 76 F.3d at 593-96. First, the ALJ must determine that there is objective medical evidence showing the existence of a medical impairment which would reasonably be expected to produce the pain or alleged symptoms. 20 C.F.R. §§ 416.929(b), 404.1529(b). If the ALJ finds such, he must then evaluate the intensity and persistence of the claimant's pain in order to determine whether or not the alleged symptomatic limitations will factor into the RFC. See 20 C.F.R. §§

416.929(c)(1), 404.1529(c)(1); Craig, 76 F.3d at 595 ("It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her work, must be evaluated.") (emphasis in original).

As stated above, "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling." Radford, 734 F.3d at 295 (4th Cir. 2013). "The record should include a discussion of which evidence the ALJ found credible and why" because "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" Id. at 295 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

The inquiry, then, is whether the ALJ provided a sufficient analysis for discrediting Plaintiff's alleged symptoms. The Court finds that he did. After using what may be now suspect boilerplate language to state that Plaintiff's "statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible for the reasons explained in this decision," the ALJ did explain his reasoning for his finding. (Tr. 27).

Defendant is correct in pointing out that the ALJ provided reasons, grounded in the evidence of the record, for finding Plaintiff's allegations about her symptoms less than fully credible. (Doc. No. 9). The ALJ's discussion lays out medical evidence from a number of physicians (treating, non-treating, and consultative), a report from Plaintiff's friend, and Plaintiff's subjective allegations. (Tr. 27-30). In this discussion, the ALJ explains that Plaintiff admitted to being able to work and that she denied feeling depressed. (Tr. 29, 388). His examination also revealed that Plaintiff takes medication, that said medication "alleviates her depression and problems with her mood," and Plaintiff exhibits no signs of a mood disorder even though in her

10

testimony Plaintiff indicated her psychological symptoms are severe and affect her on a daily basis. (Tr. 28). The ALJ went on to discuss Plaintiff's medical records at length (Tr. 27-8), and focused on Plaintiff's significant improvements in her medical history that directly coincide with times she is compliant with her medication and treatment regimens. (Tr. 27-8) The ALJ notes that when Plaintiff is compliant with her treatment, she has been able to "work part-time, care for her children, assist with running her household, and is able to manage her emotions in order to better interact with others." (Tr. 28). It is upon this evidence, which meets the substantial evidence standard, that the ALJ supported his credibility determination. (Tr. 23).

The ALJ did not declare Plaintiff's allegations generally non-credible without explanation. He cited to the assessments and examinations provided in the medical evidence of record which, as now required by Mascio, provided sufficient explanation that Plaintiff's symptomatic allegations lacked credibility. (Tr. 27-8). Accordingly, the ALJ did not err.

## IV. CONCLUSION

In sum, the Court is satisfied that substantial evidence supports the ALJ's decision and that there is no reversible error as to Plaintiff's second, third and fourth assignments of error; however, the ALJ did err when he failed to consider or explain whether Plaintiff met or equaled Medical Listing 12.05. The Court hereby GRANTS Plaintiff's Motion for Summary Judgment (Doc. No. 7); DENIES Defendant's Motion for Summary Judgment (Doc. No. 9); REVERSES the ALJ's decision, and REMANDS the case to the Commissioner for additional investigation or explanation with regard to whether Plaintiff meets or equals Medical Listing 12.05.

IT IS SO ORDERED.

Signed: December 7, 2016

Frank D. Whitney
Chief United States District Judge